(No. 00063— ■■■■■■■■)

ELLYN MARSEK VACHULA, as mother of WILLIAM C. MARSEK, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 31, 1974.*

ELLYN MARSEK VACHULA, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of a policeman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiaries pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act"] *Ill. Rev. Stat. 1971, Ch. 48, Sec. 281 et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full Court on July 10, 1974, the Court finds as follows:

1. That the claimant, Ellyn Marsek Vachula, is the mother of the decedent and is one of the beneficiaries who was designated by him, together with decedent's brother, Charles W.Marsek, as stated in the application for benefits.

2. That the decedent, William C. Marsek, was a patrolman employed by the Chicago Police Department and engaged in the active performance of his duties, within the meaning of Sec. 2(e) of the Act, on February 27, 1974.

3. That on said date, Officer Marsek was fatally wounded while questioning a suspect, later identified as Jacob Paul Cohen, in a tavern at 1818 W. Foster. At the same time, Marsek's fellow officer and partner, Bruce N. Garrison (Court of Claims No. 00065) was also fatally wounded, when the suspect pulled a gun from his jacket and fired "point blank" at both officers. Officer Marsek was pronounced dead on arrival at Ravenswood Hospital.

The Coroner's Certificate of Death recites the immediate cause of death as "bullet wound of head (brain), of chest (lung, heart and aorta), and of abdomen (mesentary and aorta)."

4. The Court finds, therefore, that Officer Marsek was killed in the line of duty as defined in Section 2(e) of the Act, and

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $10,000 (TEN THOUSAND DOLLARS) be awarded to Ellyn Marsek Vachula, as the mother of the decedent, and $10,000 (TEN THOUSAND DOLLARS) be awarded to Charles W. Marsek, as brother of the decedent, both of whom were designated as beneficiaries of the deceased policeman, William E. Marsek.